IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| WAYNE A. HUSSAR, II,<br><br>Petitioner,<br><br>vs.<br><br>MATT RIGHARD, HELENA DISTRICT COURT, LEWIS AND CLARK COUNTY, STATE OF MONTANA,<br><br>Respondents. | CV 26-104-BLG-SPW<br><br>ORDER |

This matter comes before the Court on a handwritten document filed by pro se state prisoner Wayne A. Hussar, II ("Hussar"). (Doc. 1.) Hussar captioned the filing as a "second-successive habeas corpus." He also cites Florida law in the caption, suggesting he did not commit a felony because it is "fully impossible to deliberately cause any physical harm without use of any physical force." (*Id.* at 1.) Hussar goes on to explain that although he was convicted of Partner or Family Member Assault ("PFMA"), his wife, who was the victim of his offense, tripped over a plastic floor vent after Hussar pushed her. Hussar apparently believes that he did not commit the offense of misdemeanor PFMA. (*Id.*)

Hussar then states that following his arrest, Sherriff Matt Righard ("Righard") slammed him into a metal door in the sally port, causing Hussar

various injuries. (*Id.* at 1-2.) Hussar claims that it was actually Righard that used excessive force against him and that he did not assault Righard. Righard should not be entitled to qualified immunity, according to Hussar. Hussar asks that all charges against him be dismissed and that he be released from custody. He also requests $7 million in damages from Respondents, that Righard's badge be stripped, and that he receive $50,000 as compensation for the loss of his Mercedes Benz. (*Id.* at 2.)

Hussar is a frequent petitioner in this Court and has repeatedly challenged various convictions, revocations, and state court actions. *See, In Re: Hussar*, Cause No. CV 25-26-H-BMM, Ord. at 1-2 (D. Mont. March 17, 2025)(collecting cases). Relative to this matter, the Court has previously considered and rejected Hussar's challenges to his 2018 state convictions. *See e.g., Hussar v. Green*, Cause No. CV-19-64-H-DLC, Ord. (D. Mont. May 27, 2020)(denying Section 2254 petition for lack of merit). Thus, the petition at hand is at least the second federal habeas petition Hussar has filed challenging his 2018 convictions. Hussar's present petition is second or successive over which this Court lacks jurisdiction.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "established a stringent set of procedures that a prisoner 'in custody pursuant to the judgment of a State court' must follow if he wishes to file a 'second or successive'

habeas corpus application challenging that custody[.]" *Burton v. Stewart*, 549 U.S. 147, 152 (2007)(per curiam)(citations omitted). In particular, "[i]f an application is 'second or successive,' the petitioner must obtain leave from the court of appeals before filing it with the district court[,] *Magwood v. Patterson*, 561 U.S. 320, 330-31 (2010)(citing 28 U.S.C. § 2244(b)(3)(A)); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998), and the appellate court "may authorize the filing of the second or successive application only if it presents a claim not previously raised that satisfies one of the two [exceptions] articulated in § 2244 (b)(2)." *Burton*, 549 U.S. at 153.

"One of these exceptions is for claims predicated on newly discovered facts that call into question the accuracy of a guilty verdict. The other is for certain claims relying on new rules of constitutional law." *Tyler v. Cain*, 533 U.S. 656, 661-61 (2001)(citations omitted); *see also, Magwood*, 561 U.S. at 335 (Section 2244(b)(2) "describes circumstances when a claim not presented earlier may be considered: intervening and retroactive case law, or newly discovered facts suggesting 'that …no reasonable factfinder would have found the applicant guilty of the underlying offense.'" (citation omitted)). "Even if a petitioner can demonstrate that he qualifies for one of these exceptions, he must seek authorization from the court of appeals before filing his new petition with the district court." *Woods v. Carey*, 525 F.3d 886, 888 (9th Cir. 2008). A three-judge

panel of the court of appeals decides whether or not the prisoner has made a prima facie showing that the requirements of § 2244(b)(2) are satisfied. *See*, 28 U.S.C. § 2244(b)(3)(A).

"A petitioner's failure to seek such authorization from the appropriate appellate court before filing a second or successive habeas petition acts as a jurisdictional bar." *Rishor v. Ferguson*, 822 F.3d 482, 490 (9th Cir. 2016), cert. denied, 581 U.S. 1019 (2017); *Burton*, 549 U.S. at 153. There is no indication that the Ninth Circuit has granted Hussar leave to file a second or successive petition challenging the 2018 criminal judgment. Accordingly, this Court lacks jurisdiction to hear his claims attacking the state judgments of conviction.

Hussar acknowledges that he previously sought relief in this Court relative to the 2018 judgment of conviction but suggests that the successive filing requirement be disregarded. (Doc. 1 at 1.) A "second or successive" petition is not defined by the AEDPA, but rather is a "term of art given substance" by the case law. *Slack v. McDaniel*, 529 U.S. 473, 486 (2000). A petition is generally considered "second or successive" where it raises claims related to the judgment challenged that were or could have been adjudicated on their merits in an earlier petition. *Magwood*, 561 U.S. at 332-33; *see also*, *Brown v. Muniz*, 889 F.3d 661, 667 (9th Cir. 2018). Thus, a petition is second or successive if it contests the same custody imposed by the same judgment of a state court. *Magwood*, 561 U.S. at

331-34; *Brown*, 889 F.3d at 667; *Burton*, 549 U.S. at 153.

Hussar's prior federal habeas petition was denied on the merits. Hussar challenges the same 2018 state judgment of conviction addressed in his prior federal habeas petition. Additionally, the facts underlying the purported violations existed at the time Hussar's prior habeas petition was filed. Thus, his current petition is second or successive under § 2244. Hussar was accordingly required to file a motion in the Ninth Circuit requesting an order authorizing review of his petition. 28 U.S.C. § 2244(b)(3)(A). Because Hussar did not do so, his petition must be dismissed for lack of jurisdiction. *Burton*, 549 U.S. at 157 (where the petitioner did not receive authorization from the court of appeals before filing second or successive petition, "the District Court was without jurisdiction to entertain [the petition]").

Additionally, prisoners cannot obtain monetary damages in federal habeas. "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and...the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 493 (1973). "The power of a federal habeas court 'lies to enforce the right of personal liberty' [and]...[a]s such, a habeas court 'has the power to release' a prisoner, but 'has no other power.'" *Douglas v. Jacquez*, 626 F. 3d 501, 504 (9th Cir. 2010)(citation omitted). As the Supreme Court has explained,

> If a state prisoner is seeking damages, he is attacking something other than the fact or length of his confinement, and he is seeking something other than immediate or more speedy release- the traditional purpose of habeas corpus. In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy.

*Preiser*, 411 U.S. at 493; *see also, Nelson v. Campbell*, 541 U.S. 637, 646 (2004)("[D]amages are not an available habeas remedy…"); *Muhammad v. Close*, 540 U.S. 749, 751 (2004)(referring to "relief unavailable in habeas, notably damages"). To the extent that Hussar requests monetary damages in this matter, such a request cannot be considered in federal habeas. Likewise, this Court cannot impose other punishments, such as taking Righard's badge away. This has been explained to Hussar previously.[1]

**Certificate of Appealability**

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A certificate of appealability should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484).

---

[1] *See*, *Hussar v. Green*, Cause No. CV-19-64-H-DLC, Ord. at 11, f.n. 4 (collecting cases).

Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (quoting *Slack*, 529 U.S. at 484).

A certificate of appealability will be denied. Hussar has not made a substantial showing of a denial of a constitutional right. Moreover, the dismissal of the petition is justified by a plain procedural bar, and reasonable jurists would not find the ruling debatable.

Based on the foregoing, the Court enters the following:

**ORDER**

1. Hussar's Petition (Doc. 1) is DISMISSED with prejudice as an unauthorized successive petition.

2. The Clerk of Court is directed, by separate document, to enter Judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability is DENIED.

DATED this 13th day of October, 2026.

Susan P. Watters
Susan P. Watters
United States District Court Judge